UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Stacey Diassinos,

        Plaintiff,

—v—

Oliveira Contracting, Inc., et al.,

        Defendants.

JAN 0 6 2020

19-cv-7841 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. Courts have an independent obligation to determine whether subject matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

Plaintiff Stacey Diassinos brings this action invoking the Court's subject matter jurisdiction by reason of diversity of citizenship. The Complaint alleges that Plaintiff is a citizen of the state of Florida, and Defendant Thomas H. Martins is a citizen of the state of New York. Dkt. No. 7 ¶¶ 6–7. It further alleges that Defendant Oliveira Contracting, Inc. is a corporation authorized to do business in the State of New York with its principal place of business located in New York. Dkt. No. 7 ¶ 7.

A complaint premised on diversity of citizenship must allege the place of incorporation and principal place of business of any corporate entities that are parties to the suit. *See* Fed. R. Civ. P. 8(a); 28 U.S.C. § 1332(c)(1). "For jurisdictional purposes, a corporation is deemed to be a citizen both of the state in which it has been incorporated and the state in which it has its principal place of business." *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 161

1

(2d Cir. 1998).

Within ten days of the date of this Order, Plaintiff shall amend her Complaint to allege the citizenship of Oliveira Contracting, Inc., including the state of incorporation and principal place of business. If, by the foregoing date, Plaintiff is unable to amend to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to any party.

Dated: January 6, 2020
New York, New York

ALISON J. NATHAN
United States District Judge